Good morning, your honors. Reuben Ginsberg for Appellants, Charles Chanaratsopan, Boosted Commerce, and Boosted E-Commerce. I'd like to reserve three minutes for rebuttal. Defendants appeal from an order denying their motion to compel arbitration. The motion was based on an arbitration provision in an LLC operating agreement. Thrasio was not a signatory to the operating agreement, but should be bound by equitable estoppel. Equitable estoppel prevents a non-signatory to an agreement containing an arbitration clause from relying on the agreement for one purpose while disavowing the arbitration clause. Equitable estoppel also prevents a non-signatory from knowingly exploiting an agreement and receiving a direct benefit while avoiding arbitration. Thrasio should be equitably estopped for both reasons. I'd first like to address the standard of review. An order denying a motion to compel arbitration is reviewed de novo, while any factual findings are reviewed for clear error. Whether a non-signatory is bound by an arbitration agreement concerns the enforceability of an arbitration agreement, which is a legal question. Are you using California law? Are you using California law in your argument? Well, yes, California law governs the enforceability of an arbitration agreement. Okay, thank you. Go ahead. So whether a non-signatory is bound by an arbitration agreement under California law concerns the enforceability of an arbitration agreement. It's a question of law, the facts are undisputed. So we're ruling on equitable estoppel in connection with a motion to compel arbitration should be reviewed de novo if the material facts are undisputed, as here. Ninth Circuit opinions have been inconsistent on this point as we point out in our briefs. Some apply de novo review, others apply abuse of discretion. We believe de novo is correct. The California case is addressing the same point, uniformly apply de novo review. They say that whether a non-signatory is bound by an arbitration agreement or can enforce an arbitration agreement is a question of law, the facts are undisputed. We cite several California cases so holding. We believe the California cases have it right and we suggest that this court should find those cases persuasive and apply de novo review. Regardless of the standard of review, whether de novo or abuse of discretion, we believe that the district court erred. Equitable estoppel applies if the plaintiff asserts claims that depend upon or are inextricably intertwined with contractual obligations of the agreement containing the arbitration clause. The claims need not rely exclusively on contract terms for equitable estoppel to apply. Thrasio's trade secret claims depend on the confidentiality provision in the operating agreement. Thrasio alleges in both complaints that the information in the data room was confidential because Mr. Chanaratsopan agreed in the operating agreement that the information was confidential. So that brings me to the question is there is this reference to the operating agreement as you have appropriately pointed out, but that doesn't necessarily get you to the next step as to whether it's inextricably intertwined and whether they need the operating agreement to make the claim. So would you explain how you get or jump over that next hurdle? The extent to which the complaint relies on the confidentiality provision, Your Honor, the investment relationship itself was established by the operating agreement. Mr. Chanaratsopan's access to information in the data room pursuant to the operating agreement, the contractual obligation to maintain the confidentiality of the obligation, the confidentiality of the information. They set out the confidentiality provision in full in both complaints. Each claim incorporates those allegations. Each claim depends on the confidentiality of the information and each claim expressly relies on the confidentiality provision. These claims, the claim of a breach of the confidentiality provision is not ancillary to the complaint. It's central to the complaint. So how is that different from the situation in Waymo versus Uber? I realize that's a federal circuit case, but it interpreted California law. Right. The specific facts of that case did not come to mind, but again, it is California law that applies. So the district court might've had it right, might've had it wrong. This court should review de novo the record in this case. And the extent of the complaint's reliance on the confidentiality provision indicates that Thrasio is depending on the confidentiality provision and Thrasio should not have it both ways, both depend on the confidentiality provision and disavow the arbitration provision. So we believe that the dependence here is expressing the complaint and in each cause of action. The trade secret claims, some are statutory, some are not statutory, but all depend on the confidentiality of the information. And in each claim, they depend expressly on the confidentiality provision. I think we have your hand. Do you want to reserve or do you have some further points to make? Oh, I'd like to say more. Apart from depending on the confidentiality provision, the case has also explained that when claims are inextricably intertwined with contractual obligations, equitable estoppel applies. The operating agreement here establish the investment relationship and govern that relationship, including access to the information in the data room and the confidentiality of that information. So again, the claims are both, depend upon the confidentiality obligation and they're inextricably intertwined with the confidentiality obligation. Thrasio argues that it could prove its claims without reliance on the confidentiality provision, but the relevant claims are the claims alleged in the complaint, not some other claims that Thrasio could have alleged without referring to the confidentiality provision. I'll reserve the rest of my time for rebuttal. Thank you, counsel. Good morning and may it please the court, Philip Bowman for Plaintiff Appellee Thrasio, LLC. There are two theories, both of which courts have referred to as equitable estoppel under which a non-signatory has been deemed bound to an agreement it did not sign. The first is a situation where the plaintiff must rely on the contract containing the arbitration clause to make out its claim. The second is where a party does not actually sign the agreement containing the clause, but it receives a copy of it, operates as if it is in force, thus being deemed to have assented to its terms. Neither form of equitable estoppel applies here. As to the first theory, appellants state the standard more or less correctly, but the application of the standard they urge on the court is fundamentally wrong. This court recently held in the Stafford case, which appellants cite that under equitable estoppel, quote, a plaintiff may be bound to an arbitration clause in a contract he did not sign if the claims are dependent upon or founded in and inextricably intertwined with the underlying contractual obligations of the agreement containing the arbitration clause. This court went on to say the touchstone is whether the non-signatory is relying on the agreement. Merely referencing an agreement with an arbitration clause will not warrant arbitration, compelling arbitration. Here, as the district court correctly held, the claims for misappropriation of trade secrets are not dependent upon or founded in and inextricably intertwined with the separate contract Mr. Chanaratsopan entered into with Upper 90. And here's the key point. Every reference to the Upper 90 agreement could be excised from the complaint and it would have no impact on the claim. The contract was referenced in the complaint for a narrow purpose and it is cumulative. It is one of more than a dozen examples showing that Mr. Chanaratsopan knew the materials in the data room were confidential. To put it another way, Thrasio could prove its case against appellants without any reference to the contract containing the arbitration clause. That was the standard this court applied recently in the Mammisnack versus Uber case where it concluded that equitable estoppel did not apply because, quote, the ADA claims are fully viable without any reference to the agreement containing the arbitration provision. The appellants relied heavily in their papers on language from a California court of appeal case, Pillar Project versus Payward Ventures. But the court in that case stated in language  And what the court said was, quote, the plaintiff's actual dependence on the underlying contract is always the sine qua non for application of equitable estoppel and that the claims are not arbitrable unless the plaintiff relies on the agreement to establish its cause of action. Indeed, the court of appeals in that very case concluded that equitable estoppel did not apply because the defendant had failed to establish that, quote, the plaintiff's claims cannot survive absent reliance on the contract. That's the key, whether the claims can or cannot survive without the contract. And it's very clear that in this case, the claims could survive because we have pleaded more than a dozen separate instances in which Mr. Chanaratsopan agreed that the information or showing that he knew it was confidential. That's all we need to show. Appellants say that a plaintiff need not rely exclusively on the contract for equitable estoppel to apply. That is not a correct statement of the law. The dicta language, the appellants quote from Pillar, comes from a case called Boucher versus Alliance Title Company. That was a case in which a defendant sought to invoke an arbitration clause against a signatory plaintiff. That principle's inapplicable here where the plaintiff is a non-signatory. It's a completely different standard. And appellants' reliance on the Garcia and Franklin cases is misplaced for the same reason. Both of those cases addressed motions by non-signatories to compel signatories to arbitrate. The situation that does not implicate the concerns present here where the appellants are seeking to bind a party that never agreed to arbitrate. The appellant's second theory for using equitable estoppel is that Thrasio can be bound because it supposedly knowingly exploited and received a direct benefit from the agreement between Mr. Chanaratsopan and Upper 90. Neither of the cases they cite supports the application of that principle here and that principle has no application here. The principle applies where, for example, a party receives a copy of an agreement containing an arbitration clause, has an opportunity to object to it. It doesn't sign the agreement, but it operates as if the agreement is in effect and is thereby deemed to have agreed to it. And that's a theory of equitable estoppel that comes from the Second Circuit Deloitte case. But it doesn't apply here where there's an agreement that's signed between two parties and the defendant's trying to apply it to a third party. The motions to compel arbitration were correctly denied and this court should affirm. Unless the panel has questions, we'll submit. Thank you, counsel. We'll hear rebuttal. Thank you. Counsel has described two situations and he attempts to limit equitable estoppel to two factual scenarios. The California cases and California law is governing law do not limit equitable estoppel to those two factual scenarios. It's broader than that. Terraccio knowingly exploited the operating agreement by receiving investment funds from the operating agreement. Terraccio alleges in its complaint that it received critical funding from Upper 90, the venture capital firm that set up the LLCs. Knowingly exploited does not limit it to receiving a document and then acting on it as counsel explained by receiving investment funds through the LLCs, critical funds from investors, including Mr. Chanaratsapan. Terraccio knowingly exploited the operating agreement and received the direct benefit. As the California cases explain and this court has stated as well, when a plaintiff knowingly exploits an agreement containing an arbitration provision, the plaintiff cannot disavow the arbitration clause. So Terraccio did that by receiving investment funds. The reliance on contract terms need not be exclusive. There are other confidentiality obligations, it's true, but Terraccio relies on the confidentiality provision in the operating agreement and alleges it in its complaint in support of each cause of action. The California cases hold that reliance need not be exclusive. Equitable estoppel applies. The claims against Boosted, Boosted is equally bound by the, or rather Terraccio is obligated to arbitrate its claims against Boosted equally as it is its claims against Chanaratsapan. Both are based on and inextricably intertwined with the obligations on the operating agreement. The district court erred. This court applied to no review, should reverse the decision of the district court and Terraccio should be compelled to arbitrate against both defendants. Thank you, counsel. Thank you both for your arguments today. The case just argued will be submitted for decision.
judges: WALLACE, THOMAS, McKEOWN